## SANFORD v. CANDIA.

The indorser of the original writ is not liable, as such, for the costs that the defendant may recover upon review.

In such a case, where the plaintiff is not an inhabitant of this state, the court, in its discretion, may properly order security for costs.

CASE, for defective highway, by Eliza Sanford against the town of Candia. The plaintiff being a resident of Boston, the original writ was indorsed by a resident of this state. The defendants obtained a verdict and judgment; and on motion of the plaintiff the case is now brought forward for review. The court reserved the question whether the indorser on the original writ is liable, as such, for the costs that the defendants may recover on this review; and if not, whether a new indorser, or other security for costs, should be ordered, either as matter of law or discretion.

*Briggs & Huse,* for the defendants.

I. This plaintiff was a resident of Boston, where the original writ was made, and still resides there. The writ was indorsed by a citizen of this state, as required by ch. 203, sec. 8, of the General Statutes. The action was entered, tried, verdict returned for the defendants, judgment rendered thereon, and judgment satisfied. The plaintiff now brings forward the action for review. If the indorser on the original writ is discharged, it must be upon the ground taken in *Badger* v. *Gilmore,* 37 N. H. 459, that " the first judgment was final and conclusive, and the suit having performed its office was therefore dead, *functus officio,*" and that the action of review is a new proceeding. It is upon this ground that all those cases rest which seem to furnish any authority for the doctrine that indorsers on original writs are discharged by a review.

In the case alluded to, however, it was a new proceeding, founded on a writ of review; but we submit that by the General Statutes the process of review has been changed. No writ of review is now required. The original action on application and notice is simply brought forward upon the docket, and another trial, if one is had, is upon the original writ and pleadings (unless amended), and there is no new writ or process upon which the action is founded. If the original suit died when judgment was rendered and satisfied, the statute has conferred upon either party power to revive it, and at the mere bidding of either. Without the aid of any judicial writ, it springs to life, and appears again upon the docket, with all its original powers and attributes, and with all its wonted vitality. How, then, can it be claimed that the security for costs furnished by the indorsement upon the original writ,—a requisite essential to give the original writ validity, and without which the action could never have had a legal existence,—has been lost, while everything else pertaining to the original action has been fully restored?

II. The nature of a review, and its effect upon the original suit or proceeding, depend upon the question whether the review is brought by the plaintiff or the defendant. If by the plaintiff, it is substantially a continuation of the original suit: it is "the same party," using the same process "to recover the original debt or damage for which he commenced the suit." "If brought by the defendant, the end proposed to be attained is directly adverse to the original action. The cause of bringing the action in review is not to recover any damage for a personal wrong done, but to recover the money of the plaintiff in review, in the possession of the original plaintiff, or for the amount of which he holds a judgment against the plaintiff in review, which he may enforce at any time;" and when thus brought by the defendant, it may, so far as its operation is concerned, be considered analogous to an action for money had and received, to recover back money obtained by duress or some false claim. See *Knox* v. *Knox*, 358, 359; *Bell* v. *Bartlett*, 7 N. H. 181.

In the cases we have examined, which at first blush appear to be authority in support of the position that a review would have the effect to discharge the indorser on the original writ, we find none where the review was brought by the original plaintiff. Where the plaintiff resides out of the state, our statute requires the original writ to be indorsed by a responsible citizen of this state, for the purpose of giving the defendant security for his costs. If an indorser can be discharged from liability by a review, a plaintiff from another state has only in the first instance to have a nominal trial, allow a judgment to be rendered against him, and immediately bring forward his action for review; and he has, without injury to himself and at a trifling expense, by this legal trick, substantially evaded a statute enacted for the protection of our own citizens, and deprived them of the security and protection the statute was designed to afford.

III. As to the power or the duty of the court to order security for costs in a case like the present, there can be no doubt. The power is clearly conferred by our statutes, and has been frequently recognized and exercised by our courts. Gen. Stats., ch. 214, sec. 2; *Gale* v. *French*, 16 N. H. 95; *Hodgdon* v. *Merrill*, 26 N. H. 16; *Gookin* v. *Upton*, 22 N. H. 33; *Senter* v. *Carr*, 15 N. H. 380.

*Morrison, Stanley & Hiland*, for the plaintiff.

The first question in this case is, whether the indorsers of the original writ are liable in this action. The case of *Badger* v. *Gilmore*, cited by the counsel for the defendants, and the authorities there cited, are decisive of this case. When the plaintiff tried her case, and a verdict was rendered against her and judgment thereon, that was an end of that case. The contract of the indorsers was, to pay the costs in that suit if the plaintiff did not, and when they were paid the liability of the indorsers was at an end. It is said that the change in the law allowing actions to be brought forward for review, changes the liability of indorsers; but this cannot be so. The first judgment still stands in full force and effect. The party in whose favor it is may proceed to

enforce it the same as if it had not been brought forward for review. The bringing it forward does not vacate the original judgment. It is said that if the indorser is discharged by the first judgment, he may evade the statute for the protection of our own citizens; but this suggestion is fully answered by the third point in the defendant's brief. It is said the cases cited are all where the plaintiff prevailed, and the defendant afterwards brought the review; but this can make no difference in the principle. The effect is the same in the one case as in the other. A judgment is a judgment, if final and conclusive, when for the plaintiff: why not the same when for the defendant? In the matter of an indorser, of course he is liable for the costs of the first suit if the judgment is in favor of the defendant, and not liable beyond that.

FOSTER, J. The orignal suit between these parties was terminated by the judgment upon the verdict in favor of the defendants. "No proceeding by review can reverse or otherwise affect that judgment." *Badger* v. *Gilmore*, 37 N. H. 459. It is true that the effect of that judgment may be obviated and the judgment practically reversed upon another trial—*Eastman* v. *Amoskeag Manf. Co.*, 47 N. H. 78—and the rights of the parties are not finally concluded until a judgment shall have been obtained upon the proceeding in review—*Haynes* v. *Ordway*, 52 N. H. 284—but the new proceeding does not vacate the original judgment, which may be enforced notwithstanding the subsequent review. Neither the original action nor the review was pending during the time after the judgment in the original proceeding and before the commencement of the present, but the original suit, having performed its office, was *functus officio*. *Badger* v. *Gilmore*, before cited.

The contract and liability of the endorser were, to pay the costs of the original suit only, in case the plaintiff might *fail* to pay them.

The original proceeding and the proceeding of review are distinct proceedings. There can be no costs recovered by either party on review, except the costs accruing therein. Gen. Stats., ch. 215, sec. 13. The change in the law—first made in 1867, by Gen. Stats., ch. 215, sec. 3, whereby the provisions of ch. 192, sec. 7, Rev. Stats., were enlarged so as to permit a party to file in the office of the clerk of the court, in which judgment against him has been rendered, a *notice* of review instead of resorting to a new writ—was intended, perhaps, to facilitate proceedings by a saving of costs, and by procuring a more speedy trial of the cause; but, so far from annulling or reversing the judgment in the original suit, the later statute expressly recognizes its existing validity and force, by providing, in section 9, that the review shall be tried as if no judgment had been rendered in the original proceeding, thus plainly indicating no purpose to vacate the judgment, but only to prescribe what the legislature deemed a better order and method of trial.

Original writs must be indorsed by an inhabitant of this state—Gen. Stats., ch. 203, sec. 8; but as a writ of review is not an original writ, so, as we have seen, a notice of review is not a revival of an original

writ; and therefore we have no statute requiring a writ of review, or a proceeding for review by notice, to be indorsed by an inhabitant of the state.

This condition of the law permits no injustice, because, " in all actions or petitions in the supreme court, costs may, on motion and good cause shown, be limited, allowed, and such security therefor ordered, as the court may deem just." Gen. Stats., ch. 214, sec. 2, being a re-enactment of Rev. Stats., ch. 191, sec. 7.

This proceeding by review on notice is an "action" brought forward for the purpose of a second trial,—the judgment in which is still unreversed, though it is thus placed in peril, not of technical but of practical reversal.

The statute concerning costs, above cited, is very broad, and is applied by our courts to all cases not expressly enumerated. *Bartlett* v. *Hodgdon*, 44 N. H. 472; *Smith* v. *Boynton, ib.* 529. Its purpose was, to confer a discretion as unlimited as the varying circumstances of cases not immediately recognizable.

In *Gookin* v. *Upham*, 22 N. H. 38, it was applied to the case of a suit brought in the name of an insolvent plaintiff, a resident of the state, for the benefit of his assignees, who were required, in the exercise of the court's discretion, to furnish security for costs; and in *Gale* v. *French*, 16 N. H. 95, where, after verdict and judgment for the defendant, the plaintiff sued out his writ of review, the court (WOODS, J.) remarked that the mere poverty or insolvency of the plaintiff did not of itself furnish sufficient ground for granting an order for security for costs, " but, where a plaintiff is pursuing his claim under circumstances wearing an aspect of oppression or vexation, or where facts exist which raise a legal presumption that his claim is unfounded, as where a verdict, judgment, or nonsuit has once been taken or entered in a suit involving the same questions, courts having the power have ordinarily interposed some restraints upon its prosecution, with a view to the protection of the defendant. * * The plaintiff has once failed in his action, and is unable to answer to the defendant the consequences of another failure, should he incur it. The court below acted clearly within their authority in ordering the security."

Without finding it necessary, and, for my own part, being unprepared to indorse the suggestion that a " legal presumption " of an " unfounded claim " is raised by a verdict for the defendant in a suit which " may once be reviewed," (" Presumptions of law consist of those rules which, in certain cases, either forbid or dispense with any ulterior inquiry "— 1 Gr. Ev., sec. 14,) it is quite clear that the present case falls within the class of cases in which the discretion of the court may properly be exercised to require security for costs—a discretion which would probably be applied in circumstances like the present, where the plaintiff is not an inhabitant of the state, and where an indorser is not required by statute, for the reason that this proceeding is not commenced nor prosecuted by an original writ.

*Case discharged.*